**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CAPITAL SOLUTIONS, LLC,**

    **Plaintiff,**                                             <u>**CONSOLIDATED CASES**</u>

    v.                                                         Case No.  08-2027-JWL

**KONICA MINOLTA BUSINESS**
**SOLUTIONS USA, INC. and**
**BANK OF OKLAHOMA, N.A.,**

    **Defendants.**

---

**BANK OF OKLAHOMA, N.A. a/k/a**
**BANK OF OKLAHOMA, NATIONAL**
**ASSOCIATION,**

    **Plaintiff,**

    v.                                                         Case No. 08-2191-JWL

**CAPITAL SOLUTIONS, LLC a/k/a**
**CAPITAL SOLUTIONS, L.L.C., et al.,**

    **Defendants.**

---

**MEMORANDUM AND ORDER**

These consolidated cases arise from a dispute between Capital Solutions, LLC and Konica Minolta Business Solutions USA, Inc. over the administration of business equipment leases and service agreements, and Capital Solutions' subsequent alleged default on loans from Bank of Oklahoma, N.A. This matter comes before the court on Bank of Oklahoma's

motion to dismiss Capital Solutions' claims against it for failure to state a claim upon which relief can be granted (doc. 38 in Case No. 08-2027) and the defendants' motions to dismiss or to consolidate or transfer the bank's claims (docs. 4 and 11 in Case No. 08-2191). For the reasons explained below, the bank's motion in Case No. 08-2027 is granted as to Capital Solutions' claims for negligence, breach of the duty of good faith, and pursuant to 12 U.S.C. § 1972, and it is denied as to Capital Solutions' claims for breach of fiduciary duty and conversion. The two motions in Case No. 08-2191 are denied insofar as the defendants ask the court to dismiss the bank's claims.

## THE BANK'S MOTION TO DISMISS IN CASE NO. 08-2027

**A.** **Background**

Capital Solutions originally filed its complaint in Case No. 08-2027 against Konica Minolta Business Solutions USA, Inc. The nature of those allegations is discussed in a prior court order. *See generally Capitol Bus. Solutions, LLC v. Konica Minolta Bus. Solutions USA, Inc.*, Case No. 08-2027-JWL, 2008 WL 2761307, at *1-*6 (D. Kan. July 14, 2008).[1] Briefly summarized, the lawsuit arises from a dispute over the administration of business equipment leases and service agreements. Konica Minolta is in the business of distributing

---

[1] In that order, the court referred to plaintiff Capital Solutions, LLC as Capit*ol Business* Solutions, LLC because that is how Capital Solutions captioned its own name in its amended complaint. In considering the parties' memoranda, briefs, and other documents submitted in connection with the current motion, however, it appears that plaintiff's correct name (as was reflected in the original complaint) is Capital Solutions, LLC.

copiers for sale to businesses. Capital Solutions provided financing for and leased certain copiers to customers serviced by Konica Minolta. Konica Minolta was to bill and collect lease payments and other fees due to Capital Solutions from these customers. The complaint alleges that Konica Minolta failed to remit these payments collected on behalf of Capital Solutions in a timely manner, it failed to make timely and diligent efforts to collect the payments, and it failed to accurately account for payments collected on behalf of Capital Solutions and that, as a result, Capital Solutions' relationship with its financial institutions and customers has become strained and endangered, it has incurred interest costs and other expenses it would not otherwise have incurred, it has lost a banking relationship, its business expectancies have been destroyed, and it has lost value in the collateral. Based on these allegations, Capital Solutions asserts claims against Konica Minolta for accounting, breach of fiduciary duty, breach of contract, tortious interference with business relations, and fraud.[2]

Capital Solutions subsequently filed an amended complaint, adding the Bank of Oklahoma, N.A. as a defendant and asserting claims against the bank for negligence, breach of fiduciary duty and good faith, conversion, and violation of 12 U.S.C. § 1972. In the amended complaint, Capital Solutions alleges all of these various claims in a single count – Count VII. According to the allegations in Count VII,[3] the bank withdrew funds from

---

[2] Capital Solutions also originally asserted a negligence claim against Konica Minolta, but the court dismissed that claim. *See Capitol Bus. Solutions, LLC*, 2008 WL 2761307, at *5.

[3] Consistent with the well established standard for evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts as true all well pleaded factual

Capital Solutions' account (without Capital Solutions' authorization) to pay an obligation of an entity by the name of Southwinds, LLC, "thereby converting these funds to its own benefit." According to the complaint, Capital Solutions and Southwinds are separate and distinct entities that share an identity of members, and the bank extended credit to both without consideration of the other. Plaintiff also alleges that the bank conditioned forbearance of the loans at issue in this case (i.e., relating to Capital Solutions' financing arrangement with Konica Minolta) on payments on loans involving Lee Ullman, who is not a member of either Capital Solutions or Southwinds.

The complaint alleges that throughout Capital Solutions' relationship with the bank, the bank has "continually tied the two loans together in violation of the anti-tying provisions of 12 U.S.C. § 1972." For example, the bank led Capital Solutions' members to believe that the performance of loans involving Capital Solutions and Southwinds were interdependent on one another. The bank also demanded that Capital Solutions refrain from taking appropriate actions to protect its interest in the leases, while threatening calling the loans on Southwinds. Capital Solutions alleges that this was an anti-competitive tying arrangement. The bank has refused to cooperate in the closing of certain loans involving Southwinds because of its alleged concerns regarding Capital Solutions' loans. These actions were in bad faith and constituted an interference with plaintiff's business. Capital Solutions alleges that these banking practices "were unusual in the banking industry" and benefitted the bank

---

allegations in Capital Solutions' amended complaint.

4

because the bank's actions caused Capital Solutions to pay increased interest and late charges, and suffered a loss of value in the collateral.

Furthermore, the bank essentially took over Capital Solutions' business in 2007 by instructing Capital Solutions not to take certain commercially reasonable actions in order to assure that Konica Minolta was in fact servicing the leases in question in a timely and proper manner. For example, the bank instructed Capital Solutions to refrain from contacting the lessees, even though contact was necessary in order to prevent the lease base from deteriorating. Once the bank undertook to instruct Capital Solutions in conducting its business, a special relationship arose that created a duty to give timely and proper advice. The amended complaint alleges that the bank's instructions were imprudent, breached said duty, were a breach of fiduciary duty created by its intrusion and take over of Capital Solutions' business, and were a breach of the duty of good faith imposed by state law. As a result, Capital Solutions suffered unnecessary fees, interest, loss of business expectancies, loss of profits, and a loss of value in the collateral.

The bank has now filed a motion to dismiss Capital Solutions' claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support of that motion, it raises a variety of arguments as to why each of Capital Solutions' claims against it under the different legal theories must be dismissed.

**B.**     **Motion to Dismiss Standard**

The court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic*, 127 S. Ct. at 1964-65.  The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *id.* at 1965, and view all reasonable inferences from those facts in favor of the plaintiff, *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).  Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic*, 127 S. Ct. at 1965 (citations omitted).  The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**C.    Discussion**

Before delving into the bank's arguments with respect to each separate claim, the court will first address two overriding considerations.  The first of these is the fact that the bank, in support of its motion, has attached copies of its loan agreement with Capital Solutions and related documents, and some of the bank's arguments rely on these documents.  Certainly, it is accepted practice that "if a plaintiff does not incorporate by reference or attach

6

a document to its complaint, but the document is referred to in the complaint and is central to plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Here, however, the loan documents relied on by the bank are not central to *plaintiff's* claims. They might be central to *the bank's* default claim in the consolidated Case No. 08-2191, and they also appear to be central to *the bank's* theories of defense in this case. But, Capital Solutions' claims and allegations against the bank do not rest on the terms and conditions set forth in these loan documents. *Cf. id.* at 1385 (district court properly considered letter representing the plaintiff's purchase bid in ruling on motion to dismiss breach of contract claim where the plaintiff frequently referred to and quoted from the letter in its amended complaint). Consequently, the court declines to consider the bank's loan documents in ruling on its motion to dismiss. Although the court could consider these loan documents if it were to convert the motion to one for summary judgment, Fed. R. Civ. P. 12(b); *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253 (10th Cir. 2005), the court declines to convert the motion here in light of the early stage of this litigation, the fact that plaintiff expressly states that it objects to consideration of matters outside the pleadings, and the fact that the bank did not move for summary judgment. The court, then, also rejects the bank's arguments to the extent that the bank relies on those documents.

The second threshold matter is that plaintiff repeatedly states that it does not concede that the law of the State of Kansas applies in this case. In a diversity action such as this one, the court "must apply the choice of law rules of the forum state to determine what substantive

7

law will govern." *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  Under Kansas law, "[t]he general rule is that the law of the forum applies unless it is expressly shown that a different law governs, and in case of doubt, the law of the forum is preferred." *Shutts v. Phillips Petroleum Co.*, 235 Kan. 195, 221, 679 P.2d 1159, 1181 (1984), *rev'd in part on other grounds*, 472 U.S. 797 (1985).  Here, plaintiff's only argument in favor of application of some state's law other than that of Kansas is that plaintiff believes it must be allowed some discovery in order to perform a proper choice-of-law analysis.  Significantly, however, plaintiff has not suggested what other state's laws might govern the parties' dispute[4] and plaintiff has not directed the court's attention to any possible conflict between potentially applicable state laws.  *See Atchison, Topeka & Santa Fe Ry. Co. v. Stonewall Ins. Co.*, 275 Kan. 698, 762, 71 P.3d 1097, 1139 (2003) (observing that there is no reason to consider a choice-of-law analysis where there is no conflict between the potentially applicable laws).  Consequently, the court will apply the substantive law of Kansas at this procedural juncture.[5]

---

[4] Plaintiff's response brief largely relies on Kansas state law.  At one point, plaintiff briefly cites two cases from the Court of Appeals of Mississippi, but plaintiff has not suggested any reason why Mississippi law would apply in this case.  The complaints in these consolidated cases indicate that all of the parties are located in Kansas except Mike Earl, a Missouri resident, and the bank, which has its principal place of business in Oklahoma.

[5] The court rejects the bank's argument that the Kansas choice-of-law provision in the loan agreement sets forth the law that governs plaintiff's claims.  That provision calls for Kansas law to govern the bank's claims, which are based on the loan documents.  But, as explained previously, plaintiff's claims against the bank are based on other legal theories, not the loan documents.

*1.     Negligence Claim*

Turning first to plaintiff's negligence claim, the bank argues that this claim must be dismissed because plaintiff has not alleged the existence of a duty sufficient to support this claim. Plaintiff has not responded to the bank's motion insofar as it is directed at the negligence claim. As such, the court will grant this aspect of the bank's motion on the ground that it is uncontested. *See also Capitol Bus. Solutions, LLC v. Konica Minolta Bus. Solutions USA, Inc.*, Case No. 08-2027-JWL, 2008 WL 2761307, at *5 (D. Kan. July 14, 2008) (granting Konica Minolta's motion to dismiss Capital Solutions' negligence claim where plaintiff did not direct the court's attention to any independent legal duty that would support tort liability for negligence).

*2.     Breach of Fiduciary Duty Claim*

The bank advanced similar arguments in favor of dismissal of plaintiff's claim for breach of fiduciary duty. In response, plaintiff argues that the bank took over its business by instructing Capital Solutions to refrain from taking certain efforts that it deemed necessary to protect its interests; that Capital Solutions reposed trust in the bank and the bank breached this trust by instructing Capital Solutions not to take actions that may have prevented a default; that the bank took Capital Solutions' money to pay an obligation of Southwinds; and that this creates a fiduciary duty. A fiduciary relationship exists where there has been a special confidence reposed in one who, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing the confidence. *Ford v. Guarantee Abstract & Title Co.*, 220 Kan. 244, 261, 553 P.2d 254 (1976). It is true, as the

9

bank points out, that as a general rule "the relationship between a bank and its depositor is that of creditor-debtor and not of a fiduciary." *Dugan v. First Nat'l Bank*, 227 Kan. 201, 207, 606 P.2d 1009 (1980). But, "[t]he existence of a fiduciary relationship between a bank and a customer has arisen under unusual circumstances" and "[t]he determination of a fiduciary relationship is essentially a factual one." *Id.* at 208; *see also Reebles, Inc. v. Bank of Am., N.A.*, 29 Kan. App. 2d 205, 208-09, 25 P.3d 871 (2001) ("Whether a fiduciary relationship exists depends on the facts and circumstances of each individual case.").

In this case, the allegations in plaintiff's complaint state a claim that is at least plausible on its face. The complaint alleges that the bank took over plaintiff's business and instructed plaintiff whether to take certain actions, all for the bank's own benefit in obtaining increased interest and late charges. Accepting these allegations as true, plaintiff has at least raised the right to relief above a speculative level. In so holding, the court is mindful of *Linden Place, LLC v. Stanley Bank*, 38 Kan. App. 2d 504, 167 P.3d 374 (2007), in which the Kansas Court of Appeals held that the issue of fiduciary duty was not appropriate for resolution on summary judgment where the material facts giving rise to the alleged fiduciary relationship are controverted. *Id.* at 511-12; *see also Reebles, Inc.*, 29 Kan. App. 2d at 210 (same). Here, then, more must be learned about the facts surrounding plaintiff's allegations before the court can determine whether those facts give rise to any type of fiduciary duty. This aspect of the bank's motion to dismiss is therefore denied.

    *3.*    <u>*Conversion Claim*</u>

The bank's motion to dismiss plaintiff's conversion claim is based on its loan agreement with Capital Solutions and, in support of that argument, the bank relies on the loan documents themselves. For example, the bank argues that Capital Solutions was in default, and that the bank was entitled to setoff and reimbursement. Plaintiff's theory of conversion, however, is that the bank took Capital Solutions' money to pay an obligation of Southwinds. These allegations do not rest on Capital Solutions' loan documents with the bank. Accordingly, the court will deny this aspect of the bank's motion because its arguments in favor of dismissal of plaintiff's conversion claim rest on documents that the court will not consider at this procedural juncture.

### 4. *Bad Faith Claim*

The bank's motion to dismiss Capital Solutions' bad faith claim is granted because plaintiff's factual allegations do not raise the right to relief on such a claim above the speculative level. Plaintiff does not explain whether its bad faith cause of action sounds in tort or contract. Insofar as plaintiff might seek to pursue this as a tort claim, it is well settled that "Kansas does not recognize the tort of bad faith." *Associated Wholesale Grocers, Inc. v. Americold Corp.*, 261 Kan. 806, 845, 934 P.2d 65 (1997); *accord Spencer v. Aetna ife & Cas. Ins. Co.*, 227 Kan. 914, 926, 611 P.2d 149, 158 (1980). Thus, plaintiff's allegations of bad faith do not state a viable tort claim.

In Capital Solutions' response brief, it suggests that its claim might be characterized as one for breach of the implied duty of good faith. In order to prevail on such a theory under Kansas law, a plaintiff must "(1) plead a cause of action for breach of contract, not a separate

11

cause of action for breach of duty of good faith, and (2) point to a term of the contract which the defendant allegedly violated by failing to abide by the good faith spirit of that term." *Terra Venture, Inc. v. JDN Real Estate Overland Park, L.P.*, 443 F.3d 1240, 1244 (10th Cir. 2006) (quotation omitted). These pleading standards are grounded in the principle that the implied covenant of good faith is "derivative in nature in that it does not create or supply new contract terms, but it grows out of existing ones." *Id.* (same). Here, plaintiff's conclusory allegations of "bad faith" cannot plausibly be construed as being based on a claim for breach of contract, let alone any particular provision of that contract. Accordingly, plaintiff's allegations of bad faith do not state a claim for breach of the implied duty of good faith.

### 5. *Claim for Violation of 12 U.S.C. § 1972*

Congress enacted the anti-tying provisions of the Bank Company Holding Act (BCHA) to apply the general principles of the Sherman Act prohibiting anticompetitive tying arrangements specifically to the field of commercial banking. *See Highland Capital, Inc. v. Franklin Nat'l Bank*, 350 F.3d 558, 564 (6th Cir. 2003). A tying arrangement is "'an agreement by one party to sell one product but only on the condition that the buyer also purchases a different (or tied) product, or at least agrees that he will not purchase that product from any other supplier.'" *Id.* (quoting *N. Pac. Ry. Co. v. United States*, 356 U.S. 1, 5-6 (1958)). Thus, tying arrangements have been found to be unreasonable where the seller has sufficient economic power with respect to the tying product to appreciably restrain free competition in the market for the tied product. *Id.* To recover under such a claim, a plaintiff must prove three things: (1) that the practice complained of is an anti-competitive tying

arrangement, (2) the banking practice at issue was unusual in the banking industry, and (3) the practice benefitted the bank.  *See S&N Equip. Co. v. Casa Grande Cotton Fin. Co.*, 97 F.3d 337, 345 (9th Cir. 1996); *Kenty v. Bank One, Columbus, N.A.*, 92 F.3d 384, 394 (6th Cir. 1996); *Cohen v. United Am. Bank*, 83 F.3d 1347, 1349-50 (11th Cir. 1996).

The bank moved to dismiss this claim on the ground that plaintiff "has not made any minimal factual allegations on the material elements."  In Capital Solutions' response brief, it explains that its theory of recovery for the bank's alleged violation of this statute is based on its allegation that the bank used its funds to pay the obligations of Southwinds without being authorized to do so.  The sum total of plaintiff's argument is one brief paragraph, most of which is a block quote from *Gage v. First Fed. Sav. & Loan Ass'n*, 717 F. Supp. 745 (D. Kan. 1989), which involved a claim under the anti-tying provisions of the Home Owners Loan Act, not the BCHA.  Plaintiff has neither alleged nor discussed how its theory correlates with the required elements of a § 1972 claim.  Specifically, plaintiff has not explained how this practice is anti-competitive.  *See Palermo v. First Nat'l Bank & Trust Co.*, 894 F.2d 363, 368 (10th Cir. 1990) (holding a § 1972 plaintiff is required to show an anti-competitive practice that "results in unfair competition or could lessen competition").  And, aside from the conclusory allegation in plaintiff's complaint that the practice is unusual in the banking industry, plaintiff has not explained why this is so where the parties involved (such as plaintiff and Southwinds in this case) share an identity of members.  *See generally, e.g.*, *Alpine Elec. Co. v. Union Bank*, 979 F.2d 133 (8th Cir. 1992) (finding no violation where bank used money from depositor's checking account to reduce the debt of a related

13

corporation). In the absence of any meaningful discussion or analysis relating to the material elements of this claim, plaintiff has not established that the factual allegations state a claim that is plausible on its face by raising the right to relief above a speculative level. Accordingly, the bank's motion is granted with respect to this claim.

## MOTIONS TO DISMISS IN CASE NO. 08-2191

The defendants' motions to dismiss in Case No. 08-2191 arise from the interplay between the timing of the pleadings filed in these consolidated cases. Capital Solutions originally filed its complaint in Case No. 08-2027 against defendant Konica Minolta only. Capital Solutions subsequently filed an amended complaint, adding a claim against Bank of Oklahoma, N.A. as a defendant. After Capital Solutions filed that amended complaint, but before Bank of Oklahoma was aware that it had been named as a defendant in that lawsuit, Bank of Oklahoma filed its complaint in Case No. 08-2191. The defendants in Case No. 08-2191, after being served with the summons and complaint in that case, filed the current motions in which they contend that the bank's claims against them are compulsory counterclaims in Case No. 08-2027 that the bank should have brought in that case rather than filing a separate action in Case No. 08-2191. In the current motions, the defendants in Case No. 08-2191 seek dismissal of the bank's claims against them or, alternatively, they ask the court to consolidate Case No. 08-2191 with Case No. 08-2027. The Bank of Oklahoma filed its responses, explaining that at the time it filed Case No. 08-2191 it was unaware that it had been named as a defendant in Capital Solutions' lawsuit in Case No. 08-2027 and, in light

of that, the bank asked the court to consolidate the two cases. Subsequently, the Honorable David J. Waxse, United States Magistrate Judge, issued orders consolidating the two actions. Accordingly, the defendants' request for alternative relief in the form of consolidation is now moot.

The only remaining relief sought by defendants, then, is dismissal of the bank's claims on the ground that they should be asserted as compulsory counterclaims. Insofar as defendants seek dismissal on this basis, their motions are denied because dismissal of a complaint based on the compulsory counterclaim rule is not warranted where the actions have been consolidated. *See Jack LaLanne Fitness Centers, Inc. v. Jimlar, Inc.*, 884 F. Supp. 162, 164 (D.N.J. 1995) (observing that courts "have determined that consolidation obviates the concerns of Rule 13(a) [the compulsory counterclaim rule], thereby making dismissal inappropriate"); *Branch v. Federal Deposit Ins. Corp.*, 825 F. Supp. 384, 401 (D. Mass. 1993) (where second-filed action contained compulsory counterclaims but was consolidated with first-filed action, dismissal of the second-filed action would not serve the purposes of Rule 13(a)); *Provident Life & Acc. Ins. Co. v. United States*, 740 F. Supp. 492, 496 (E.D. Tenn. 1990) (where second-filed action contained compulsory counterclaims, but the first-filed action had been consolidated with the second action, dismissal would not "further any of the policies behind Fed. R. Civ. P. 13(a)"). Because consolidation of the two cases served to ameliorate the parties' concerns about piecemeal litigation, the court hereby denies the defendants' motions to dismiss the bank's complaint in Case No. 08-2191.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Bank of Oklahoma N.A.'s Motion to Dismiss for Plaintiff's Failure to State a Claim (doc. 38 in Case No. 08-2027) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that the defendants' Motion to Dismiss or to Consolidate and Motion to Dismiss or Transfer (docs. 4 and 11 in Case No. 08-2191) are denied insofar as they seek dismissal of plaintiff's claims.

**IT IS SO ORDERED** this 11th day of August, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
